WYNKOOP *v.* SUPERIOR COAL COMPANY ET AL.

[No. 17,403.   Filed November 5, 1945.]

*Snouffer & Snouffer* and *James P. Murphy,* all of Fort Wayne, for appellant.

James M. Barrett, Jr., Phil M. McNagny, Leigh L. Hunt and Otto E. Grant, Jr., all of Ft. Wayne, for appellees.

FLANAGAN, J.—Appellant appeals from an award of the Industrial Board in his favor and appellees assign cross-error.

Appellant contends that under the facts as found by the board he should have been awarded double compensation whereas the award was for single compensation only. The pertinent findings are that appellant was 17 years old when he received the involved injury, that no certificate had been obtained from the proper school corporation issuing officer as required by law (§ 28-519, Burns' 1933), and that he was not employed in any prohibited occupation.

· The provisions of the Workmen's Compensation Law involved read as follows:

"Except as herein otherwise provided, all such minor employees are hereby made of full age for all purposes, under, in connection with or arising out of this act. Any reference to an employee who has been injured shall, when the employee is dead, also include his legal representatives, dependents and other persons to whom compensation may be payable. Except as hereinafter otherwise provided, if the employee be a minor who, at the time of the accident, is employed, required, suffered or permitted to work in violation of any of the provisions of any of the Child Labor Laws of this state, the amount of compensation and death benefits, as provided in this act, shall be double the amount which would otherwise be recoverable.

"The insurance carrier shall be liable on its policy for one-half of the compensation or benefits that may be payable on account of the injury or death of such minor and the employer shall be wholly liable for the other one-half of such compensation or benefits. If such employee be a minor who is not less than sixteen (16) years and not

more than eighteen (18) years of age and who at the time of the accident is employed, suffered or permitted to work at any occupation which is not prohibited by law, the provision of this act prescribing double the amount otherwise recoverable shall not apply." § 40-1701, Burns' 1940 Replacement.

The above provisions are clear and unambiguous. The exception referred to in the first sentence is found in the last sentence. If a minor has reached the age of 16 years and is not employed, suffered or permitted to work at any occupation prohibited by law, he is not entitled to double compensation even though some other provision of the Child Labor Laws has been violated. In the instant case the minor was more than 16 years of age. The board found that he was not employed, suffered or permitted to work at any occupation for the appellees which was prohibited by law and the appellant does not contend that this finding was erroneous. Therefore, appellant is not entitled to double compensation.

Appellees, by their assignment of cross-error, question the sufficiency of the evidence to sustain the finding of the board that the accident arose out of appellant's employment. They contend that appellant at the time of the accident had stepped outside the scope of his employment and voluntarily assumed a risk not involved therein.

Appellant's principal job was to stack coal blocks after they came from the machine where they were made and packaged. However he had a number of odd jobs to do about the place of employment. In fact he did whatever he was told to do and even volunteered to do work not assigned to him. The binding material which held the coal particles together, thus forming the blocks, was a starchy substance which was put in a

hopper and from there fed automatically into the machine. Rats were in the habit of getting into this hopper when the machine was not in use and urinating on the binding material. As a result the material became sticky, would not properly feed into the machine, and it was necessary to clean the hopper before the machine was used. The responsibility for the operation of the machine was that of employees other than appellant. On the day of the accident, after preliminary work had been done and it was about time to start the machine, appellant climbed up on a belt which connected the machine to its operating motor and looked into the hopper to see if any rats had been in it. While he was there another employee started the machine and appellant was thrown into it and injured.

We cannot agree with appellee that appellant stepped outside the scope of his employment. Even though other employees had the responsibility for the operation of the machine, it was perfectly natural and proper for each of those working around it to interest himself, if not prohibited from so doing, in seeing that it was in condition to operate properly.

Award affirmed without increase.

ROYSE, C. J., not participating.

NOTE.—Reported in 63 N. E. (2d) 305.