CASH *v.* ROCKWOOD MANUFACTURING COMPANY

[No. 17,631. Filed October 24, 1947.]

Thomas J. Cory, of Indianapolis, for appellant.

George C. Forrey III, John M. Miller, Edward B. Raub, Jr., Burrell Wright and Jacob S. White, all of Indianapolis, for appellee.

CRUMPACKER, P. J.—The facts giving rise to this appeal are substantially as follows: On February 23, 1944, the appellant was a minor 16 years of age and on that date sought employment at the appellee's plant in Indianapolis. She was interviewed in reference thereto by John W. Dunn, appellee's president, and in the course of such interview she represented her age to be 18 years. Her physical appearance corroborated her statement in that respect and she was employed but was told that she must furnish a birth certificate definitely fixing her birth date. She said she would have to send to Kentucky for such certificate and would bring it in as soon as it arrived. With that understanding she was put to work and worked 3½ days when she was laid off with instructions not to come back until she had the certificate. She produced it about a

week later and went back to work. The certificate, which showed indications of having been conveniently altered, fixed her birth date as April 25, 1925, which would make her age then just under 19 years.

On March 14, 1944, the appellant was accidently injured in the course of her said employment and a 90% permanent partial impairment to her left arm below the elbow resulted therefrom. At this time the appellee's liability under the Workmen's Compensation Act was insured by Liberty Mutual Insurance Company and representatives of said company immediately investigated said accident and the appellant again represented her age to be 18 years. Said insurance company employed Dr. C. A. Weller to treat the appellant for her injuries and she told the doctor that she was 18 years of age. On April 1, 1944, the Industrial Board of Indiana filed and on April 4, 1944, approved an agreement between the parties hereto providing for the payment to the appellant as compensation for her said injuries the sum of $15.13 per week payable from March 31, 1944, until terminated by law. Pursuant to the terms of said agreement the Liberty Mutual Insurance Company commenced the payment of such weekly allowances when the appellant moved to Kentucky and through her attorney of record began negotiations with said insurance company for a lump sum settlement. During the course of these negotiations said attorney represented to the insurance company that the appellant was then 19 years old and relying upon such representations said insurance company agreed to a lump sum payment in full for all compensation due or to become due to the appellant. On March 16, 1945, the Industrial Board of Indiana filed and approved such agreement and under the terms thereof said insurance company paid the

appellant the sum of $2,643.04 in full settlement of her claim. During all these proceedings the appellant continued to represent her age to be 19 years. At no time prior to the appellant's employment by the appellee, nor at any time subsequent thereto, did the appellee obtain a certificate from an issuing officer of the school city of Indianapolis as provided by § 28-519, Burns' 1933, nor was a copy of such certificate forwarded to the Industrial Board of Indiana.

On February 10, 1946, the appellant filed a petition with the Industrial Board by which she sought to have the order of March 16, 1945, approving the lump sum settlement agreement, vacated and an award for double compensation entered in its stead, for the reason (1) that when she was injured she was, in fact, a minor 16 years of age; (2) that she was assigned, by the appellee, to an occupation in which minors of 16 years are not permitted to engage by the provisions of the Child Labor Laws of Indiana; and (3) that the appellee procured said lump sum settlement agreement and its approval by the Industrial Board by fraud.

The finding and award of the Industrial Board on the above petition is not set out in the appellant's brief nor has the appellee, under no duty to do so, seen fit to supply the defect. Under such circumstances the strict application of our rules would justify us in holding that this appeal presents no question and consequently affirming the award forthwith. However, in view of the fact that the interests and rights of a minor under 18 years of age are involved, we feel that this case should be decided on its merits and therefore have gone to the record for the missing award, the pertinent parts of which are as follows:

"Said Full Industrial Board of Indiana, having heard the oral arguments of counsel and having reviewed all of the evidence adduced thereto, and

being duly advised in the premises therein, now finds:

"That the employment in which said plaintiff was engaged at the time of said accidental injury was not prohibited under the Child Labor Laws of the State of Indiana and was not dangerous or hazardous to life or limb, or injurious to the health or morals of said plaintiff.

"It is further found that no fraud was perpetrated by the defendant at the time said parties entered into said compensation agreement.

"The Full Industrial Board of Indiana now finds that plaintiff's verified Petition to Set Aside Award, filed on September 10, 1946, should be denied.

### ORDER

"IT IS THEREFORE CONSIDERED AND ORDERED by the Full Industrial Board of Indiana that plaintiff's Verified Petition to Set Aside Award is hereby denied."

The appellant predicates her rights on three sections of our statutes. The first pertains to the employment of child labor and is § 28-519, Burns' 1933 (Supp.) reading as follows:

"It shall be unlawful for any person, firm or corporation to hire or employ or permit any minor between the ages of fourteen (14) and eighteen (18) years to work in any gainful occupation until such person, firm or corporation shall have secured and placed on file in the office of such person, firm or corporation a certificate issued by the issuing officer, as hereinafter defined, of the school corporation in which said minor resides."

The second also pertains to child labor and is § 28-523, Burns' 1933 (Supp.) from which we quote as follows:

"No minor under the age of eighteen (18) years shall be employed, permitted or suffered to work

in any capacity in any of the following occupations: Oiling and cleaning moving machinery; in the operation of emery wheels except for the sharpening of tools used by an apprentice in connection with his work; or at any abrasive, polishing or buffing wheel; in the operation of any elevator, lift, or hoisting machine; in or about establishments where nitro-glycerine, dynamite, dualin, gun-cotton, gunpowder, or other high explosives are manufactured, compounded or stored, in dipping, dyeing or packing matches; in any saloon, distillery, brewery, or any other establishment where malt or alcoholic liquors are manufactured, packed, wrapped, bottled or in any establishment where the principal business of such establishment is the sale of such malt or alcoholic liquors; in any coal mine; or in any other occupation dangerous to life or limb or injurious to the health or morals of such minor."

The third is part of the Workmen's Compensation Act and is § 40-1701 (b), Burns' 1940 Replacement reading as follows:

"Except as hereinafter otherwise provided, if the employee be a minor who, at the time of the accident, is employed, required, suffered or permitted to work in violation of any of the provisions of any of the benefits, as provided in this act, shall be double the amount which would otherwise be recoverable. . . . If such employee be a minor who is not less than sixteen (16) years and not more than eighteen (18) years of age and who at the time of the accident is employed, suffered or permitted to work at any occupation which is not prohibited by law, the provision of this act prescribing double the amount otherwise recoverable shall not apply."

The appellant concedes that she was not employed in any of the occupations specifically prohibited by § 28-523, *supra,* but contends that her employment was dangerous to life or limb and therefore prohibited by the general clause of the statute.

It will be noted that the last sentence of that part of § 40-1701 (b), *supra,* above quoted provides that "if such employee be a minor who is not less than sixteen (16) years and not more than eighteen (18) years of age and who at the time of the accident is employed, suffered or permitted to work at any occupation which is *not* prohibited by law, the provision of this act prescribing double the amount otherwise recoverable shall not apply." (Emphasis supplied). Thus it becomes clear that unless the appellant was engaged in a prohibited occupation her misrepresentations as to age and the appellee's failure to procure a certificate by the public school authorities in reference thereto can have no bearing on her right to double compensation.

Assuming without deciding that the appellant's misrepresentations as to her age, even though she would not have been employed otherwise, did not relieve the appellee of its liability for compensation yet, being between 16 and 18 years of age, she would not be entitled to double compensation unless she were put to work in a prohibited occupation.

Working at a factory machine that is dangerous to life or limb is an occupation prohibited to minors but the statute provides no standard by which any given occupation can be so adjudged. When the specifically prohibited occupations are not involved, it becomes a question of fact for the Industrial Board to determine, in each particular instance, whether the occupation in which a minor claimant, between 16 and 18 years of age, is engaged when injured, is dangerous to life or limb. In the instant case the board found this fact against the appellant and further found that no fraud had been perpetrated upon her in negotiating the lump sum agreement.

As there is ample evidence to sustain such findings the award must be sustained.

NOTE.—Reported in 75 N. E. (2d) 173.