FRANKLIN FLYING FIELD *v.* DENNIS MOREFIELD

[No. 2-777A288. Filed April 24, 1978. Rehearing denied June 27, 1978. Transfer denied October 27, 1978.]

*James D. Acher, Acher & Gholston,* of Franklin, *John C. Hand,* of Indianapolis for appellant.

*C. Mark Tompkins, Rogers, Tompkins & Gesse,* of Franklin for appellee.

GARRARD, P.J.—Dennis Morefield suffered an injury arising out of and in the course of his employment by appellant (Franklin). The injury occurred on June 16, 1973 while Morefield was sixteen years old. In making its award the Industrial Board (with Chairman McNevin and member Lucas dissenting) ordered that the amount be doubled because of Morefield's age. There is no dispute as to the compensable nature of the injury or the extent of impairment. The sole question appealed is the propriety of the award of double compensation.

The compensation act, IC 22-3-6-1 provides in pertinent part:

"Except as hereinafter otherwise provided, if the employee be a minor who, at the time of the accident, is employed, required, suffered or permitted to work in violation of any of the provisions of any of the child labor laws of this state, the amount of compensation and death benefits, as provided in this act, shall be double the amount which would otherwise be recoverable. The insurance

carrier shall be liable on its policy for one-half [½] of the compensation or benefits that may be payable on account of the injury or death of such minor and the employer shall be wholly liable for the other one-half [½] of such compensation or benefits. *If such employee be a minor who is not less than sixteen [16] years and not more than seventeen [17] years of age and who at the time of the accident is employed, suffered or permitted to work at any occupation which is not prohibited by law, the provisions of this act prescribing double the amount otherwise recoverable shall not apply.* The rights and remedies herein granted to a minor subject to this act on account of personal injury or death by accident shall exclude all rights and remedies of such minor, his parents, his personal representatives, dependents, or next of kin at common law, statutory or otherwise, on account of such injury or death. This act shall not apply to minors over the full age of seventeen [17]." (emphasis added)

Thus, the statute permits awarding double compensation to minors who are injured while employed in violation of the child labor laws. However, if the minor is sixteen or seventeen years old when the accident occurs, double compensation can be awarded only if he was suffered or permitted to work at an occupation *prohibited by law.*[1] *Cash v. Rockwood Mfg. Co.* (1947), 117 Ind.App. 605, 75 N.E.2d 173; *Wynkoop v. Superior Coal Co.* (1945), 116 Ind.App. 237, 63 N.E.2d 305.

At the time he was injured Morefield was engaged in operating a "bushog mower" as part of his duties as a "line-boy" for Franklin.[2] The mower was a large rotary mower pulled behind a tractor and operated through a driveshift connected to the tractor's power take-off. Morefield was injured when he jumped from the tractor and the mower ran over his leg.

The problem arises in determining whether Morefield was engaged in a prohibited occupation at the time of the accident. The applicable statute is IC 20-8.1-4-24.

---

1. The double compensation awarded after the single member hearing was apparently based upon child labor violations pertaining to hours of work and the failure to secure an employment certificate. These violations clearly would not support a double award where the claimant is sixteen. *Cash, supra.*

2. His other duties included washing and waxing airplanes, vacuuming, washing windows, cleaning hangars and general housekeeping duties.

The statute specifically proscribes certain activities as follows:

"No child who is less than seventeen [17] years of age shall be employed, permitted or suffered to work in any capacity in any of the following occupations: oiling and cleaning moving machinery; in the operation of emery wheels except for the sharpening of tools used by an apprentice in connection with his work; or at any abrasive, polishing or buffing wheel; operating circular or band saws; wood shapers; wood joiners; planes; stamping machines; boilers or other steam generators; dough brakes or cracker machinery; rolling mill machinery; shears; punch or drill press; grinding or mixing mill; calendar [calender] rolls, corrugating rolls, metal or paper cutting machines; corner staying machines; metal finishing, spray painting; operation of power driven meat processing machines; roofing; hod carriers; manufacturing or packing tobacco; in or about any mine, quarry or excavation; in the operation of any elevator, lift, or hoisting machine; in or about establishments where nitroglycerine, dynamite, dualin, guncotton, gunpowder, or other high explosives are manufactured, compounded or stored; in dipping, dyeing or packing matches; in any saloon, distillery, brewery, or any other establishment where malt or alcoholic liquors are manufactured, packed, wrapped, bottled or in any establishment where the principal business is the sale of such malt or alcoholic liquors; in any coal mine; or construction."

The board did not find that Morefield was engaged in any of these activities at the time of the accident, nor does it appear that the evidence would support such a finding.

In *Cash, supra,* the Appellate Court held that the Industrial Board could determine as a question of fact whether a particular occupation was hazardous to minors and therefore within the prohibition of the predecessor to IC 20-8.1-4-24. However, at that time the statute, after enumerating the specific activities quoted above, concluded by stating, "or any other occupations dangerous to life or limb or injurious to the health or morals of such minor."[3] That further proviso was removed by the amendment enacted as Sec. 3, ch. 217, Acts. 1967.

---

3. Note that the compensation act, IC 22-3-6-1 does *not* address hazardous occupations and thereby invest the board with interpretive authority. It speaks only of occupations [not] prohibited by law. Thus, the board's authority arose from its duty to apply the language of the child labor law rather than from any inherent power on the part of the board to determine dangerous occupations.

The 1967 amendment substituted the following proviso,

". . . or in any occupation determined hazardous by the United States Department of Labor under the provisions of the Federal Fair Labor Standards Act."

In 1973 the statute was again amended and the 1967 proviso was deleted.[4] Because of an emergency clause this amendment became effective on February 26, 1973, approximately three and a half months prior to Morefield's injury. His entitlement to a double award therefore rests upon the current version of the statute.

The board found that Morefield was permitted to be employed without an employment certificate and that on occasion he was allowed to work more than the maximum number of hours permitted for minors. Under the terms of the statute and *Wynkoop, supra*, neither of these violations would permit double compensation for a sixteen year old. The only other finding pertinent to prohibited occupation was that operating a bushog mower was prohibited under IC 20-8.1-4-24. However, that finding is contrary to law. Such a mowing machine is not within the specifically enumerated prohibitions of IC 20-8.1-4-24. Furthermore, it does not appear that the division of labor has acted pursuant to IC 20-8.1-4-25, nor does Morefield argue that the award of double damages might be sustained on that basis.

The award of double damages was in error and is therefore vacated. In all other respects the award is affirmed.

Hoffman, J. and Buchanan, C.J. (sitting by designation) concur.

NOTE—Reported at 375 N.E.2d 249.

---

4.   At this time IC 20-8.1-4-25 was added permitting the division of labor to prohibit children under eighteen years of age from working in occupations designated hazardous under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219.